UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ESTELLA MALDONADO,

                            Plaintiff,

         -against-                       **Case No. 13-CV-5856 (ILG)(JO)**

FARAJ SROUR, an individual, and
TITA SROUR, an individual,

                            Defendants.
------------------------------------------------------X

Plaintiff's Memorandum of Law in Opposition to Defendants'
Motion to Terminate of Limit Plaintiff's Deposition Questions

Cherice P. Vanderhall, Esq.
Borrelli & Associates, PLLC
*Attorneys for Plaintiff*
1010 Northern Blvd., Suite 328
Great Neck, New York 11021
Tel: 516-248-5550
Fax: 516-248-6027

**Table of Contents**

PRELIMINARY STATEMENT…………………………………………………...………..1

RELEVANT PROCEDURAL HISTORY……………………………………………...……..2

ARGUMENT……………………………………………………………………….….……6

    I.        The District Court Reviews Objections to a
             Magistrate's Ruling Concerning the Provisions of
             Deposition Testimony Under the "Clearly Erroneous" Standard................................6

    II.       Mr. Srour Cannot Establish that the
             Magistrate Judge's Ruling Was Clearly
             Erroneous Because it Was Plainly Correct……………………………………...……..6

            A.  The Scope of Questioning at a Deposition is Broad………………………….…...…6

            B.  Plaintiff's Deposition Questions Regarding Mr. Srour's Employment
                Are Relevant to her FLSA and NYLL Claims…………………………….……8

            C.  Plaintiff's Deposition Questions Concerning his Application for
               Alien Employment Certification made to the United States Department
               Of Labor are Relevant to Mr. Srour's Credibility and
               Relevant to the Amount of Plaintiff's Wages……………………………………..9

            D.  Plaintiff's Deposition Questions Sought Information Concerning Defendant's
               Willfulness……………………………………………………………….……..9

    III.     The Court Should Draw An Adverse Inference Against
             Defendants Based Upon Mr. Srour's Assertion of
             His Fifth Amendment
             Privilege……………………………………………………………….………10

CONCLUSION…………………………………………………………………….……..12

## Table of Authorities

**Cases**

*Arista Records, LLC v. Doe 3*,
604 F.3d 110, 116 (2d Cir. 2010)......................................................................................... 6

*Bermudez v. Karoline's Intern. Restaurant Bakery Corp.*,
2013 WL 6146083 at *5 (E.D.N.Y. 2013)......................................................................... 10

*Chavez v. Martinez*,
538 U.S. 760, 772 (2003)................................................................................................... 10

*Chen-Oster v. Goldman, Sachs & Co.*,
293 F.R.D. 557, 561 (S.D.N.Y. 2013) ................................................................................. 7

*Condit v. Dunne*,
225 F.R.D. 100, 105 (S.D.N.Y. 2004) ................................................................................. 7

*Herman v. RSR Sec. Services Ltd.*,
172 F.3d 132, 141 (2d Cir. 1999)......................................................................................... 9

*Jesus Munoz Payano and Betty Maldonado v. A&S Broadway Produce, Inc.*,
No. 13-cv-863 (S.D.N.Y.).............................................................................................. 5 & 7

*Kuebel v. Black & Decker Inc.*,
643 F.3d 352, 366 (2d Cir. 2011).................................................................................. 9 & 10

*Luc Vets Diamant v. Aharon Akush*,
2006 WL 258293, *1 (S.D.N.Y. Feb. 3, 2006) .................................................................... 7

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340, 351 (1978)..................................................................................................... 7

*TFWS, Inc. v. Franchot*,
572 F.3d 186, 194 (4th Cir. 2009) ....................................................................................... 6

*Thomas E. Hoar, Inc., v. Sara Lee Corp.*,
900 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846 (1990) ................................ 6

# Table of Authorities
(Continued)

**Statutes**
28 U.S.C. § 636(b)(1)(A) ............................................................................................................... 6
29 U.S.C.A § 255(a) ................................................................................................................... 10

Rules
Fed. R. Civ. P. 26(b)(1)( .............................................................................................................. 7
Fed. R. Civ. P. 30(c)(2) ................................................................................................................ 7
Fed. R. Civ. P. 72(a) .................................................................................................................... 6
Fed. R. Civ. P. Rule 72(a) ............................................................................................................ 6

**PRELIMINARY STATEMENT**

Plaintiff, Estella Maldonado ("Plaintiff" of "Ms. Maldonado"), respectfully submits this memorandum of law in opposition to Defendants, Faraj Srour's and Tita Srour's (collectively referred to as "Defendants"), objections to Magistrate Judge James Orenstein's ("Magistrate Judge") September 10, 2014 Order requiring Defendant Faraj Srour ("Mr. Srour") to respond to deposition questions. This is a wage and hour case that Plaintiffs bring against their current employers for violations of the overtime and other provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

As explained below, the Defendants' counsel of record, Joe Labuda, has a now-documented history of instructing his clients not to answer deposition questions in FLSA/NYLL cases without any basis to do so, and then disregarding the orders of magistrate judges requiring that his clients answer the questions. He gives these instructions under the guise of preserving his clients' right to seek relief from the district judge of the magistrate judge's orders under the "clearly erroneous or contrary to law" standard. He took that tactic again in this case after the Magistrate Judge ruled against his client and ordered him to answer deposition questions. After Plaintiff's counsel advised the Magistrate Judge of Mr. Labuda's blatantly disrespectful and antagonistic history, Judge Orenstein ordered that should the Defendants not seek relief from his order, *or* not prove successful in seeking such relief, that the Defendants would be required to pay all of the continuing costs and fees associated with the continuation of the deposition that Defendants' counsel interrupted over a court order. Pushed to the wall, this absurd "motion" followed. The Court should respectfully deny/overrule it and force the Defendants to comply

with Magistrate Judge Orenstein's order, including paying all costs associated with the continuation of the deposition.[1]

## RELEVANT PROCEDURAL HISTORY

Plaintiff brought this action on October 24, 2013, against her employers, Defendants Faraj Srour and Tita Srour, alleging violations of the FLSA and the NYLL. Plaintiff works for defendants at their residence located at 823 Avenue S, Brooklyn, New York 11223, providing general housekeeping services.

On September 10, 2014, Plaintiff conducted a deposition of defendant, Faraj Srour, during which her counsel posed questions concerning Mr. Srour's work hours, as well as information that Mr. Srour had provided to the United States Department of Labor ("DOL") and United States Immigration Services for Plaintiff's alien employment certification. Ex. 1[2] Plaintiff pursued this line of inquiry because Mr. Srour testified that he had first-hand knowledge of Plaintiff's work hours, and affirmed in an application to the DOL that he compensated Plaintiff at a rate different from the rate he testified to paying Plaintiff. In addition, Mr. Srour affirmed in the application to the DOL that Plaintiff worked certain hours different from the

---

[1] Moreover, besides being substantively frivolous, the Defendants' "motion" is procedural defective, as they styled it as one seeking an order terminating and limiting Plaintiff's deposition questions pursuant to Fed. R. Civ. P. 30(d)(3). But this is in contravention of Judge I. Leo Glasser's individual rules, which state in section IV. a. that: "all discovery and non-dispositive motions shall be made to the assigned Magistrate Judge." Indeed, the Defendants have already made this application to the assigned Magistrate Judge, which was denied. Their only recourse now is to file an objection to that order, not make what purports to be a new discovery motion to the District Judge in contravention of the Court's individual rules. Regardless, Plaintiff will respond in kind to the substance of what the Defendants appear to be trying to say.

[2] See Ex. 1 (a copy of the transcript of the relevant portions of defendant Faraj Srour's September 10, 2014 deposition testimony ). Exhibits to the Declaration of Cherice P. Vanderhall, Esq. shall be in the form "Ex."

hours he testified that he had first-hand knowledge of her working. The inconsistency in Mr. Srour's testimony regarding Plaintiff's rate of pay and work hours raised questions regarding Mr. Srour's credibility and his basis of knowledge of Plaintiff's work hours. Thus, Plaintiff also sought information regarding Mr. Srour's employment including where he worked and his hours of work when he was outside of the home.

During the deposition, and in conjunction with asking these questions, Plaintiff marked the application to the DOL as an exhibit. Ex. 2.[3] Specifically, the application states that Plaintiff was compensated at a rate of $500.00 per week, worked forty-four hours per week from 8:00 a.m. to 12:00 p.m. and from 4:00 p.m. to 9:00 p.m., and received overtime compensation at $12.00 per hour. Ex. 2. Mr. Srour testified, however, that Plaintiff worked Mondays and Tuesdays from 9:00 a.m. to 4:00 p.m., Wednesday, Thursday, and Friday from 9:00 a.m. to 7:00 p.m., and Saturdays from 9:00 a.m. to 3:00 p.m. and never worked any overtime hours. Ex. 1 at pp. 57-63. Accordingly, Plaintiff asked questions regarding each of Mr. Srour's entries on the document related to his representations to the DOL regarding his compensation of Plaintiff, her work hours, and his efforts to comply with the directives he affirmed to complying with, including posting a notice for a United States worker in his place of business. Ex.1 at pp. 97-107. The responses sought by Plaintiff in that line of questioning were directly related to the substance of this matter - - Plaintiff's hours worked - - as well as Mr. Srour's credibility.

Plaintiff also inquired into Mr. Srour's employment because he testified to owning certain businesses, and he affirmed in is his application to the DOL that he made inquiries of his staff and associates in his business in order to located a United States worker. Specifically,

---

[3] Ex. 2 (A copy of the application for alien employment certification marked as Exhibit 7 at Mr. Srour's September 10, 2014 deposition).

3

Plaintiff questioned Mr. Srour about how his staff was compensated, who supervised them, and whether he made records of their hours worked. Plaintiff pursued that line of questioning to determine Mr. Srour's knowledge of the FLSA and NYLL and whether his failure to compensate Plaintiff for her hours worked as alleged in the Complaint was willful.

When Plaintiff questioned Mr. Srour about his employment, and the application for alien employment certification, Mr. Labuda baselessly objected and directed Mr. Srour not to answer the questions. Ex. 1 at pp. 20-33; and 97-107. Plaintiff called the Magistrate Judge immediately. On the eventual call with the Magistrate Judge, Mr. Labuda raised his objections. In doing so, he clearly stated that Mr. Srour was not asserting any privilege as the basis for his refusal to answer deposition questions, but rather contended that he found Plaintiff's questions to be harassing and annoying, and that was that basis for his instruction to his client to refuse to answer. Ex. 1 at p. 145. After hearing the parties' arguments, the Magistrate Judge, on the record, directed and ordered Mr. Srour to provide Plaintiff with the requested testimony unless he was asserting a privilege, which he had already claimed to not be doing. Ex. 1 at pp. 138-46.

Plaintiff then attempted to continue the deposition by asking the questions that the Magistrate Judge had ordered the defendant to answer. Instead of providing testimony as directed however, Mr. Srour, on the advice of Mr. Labuda, suddenly asserted his Fifth Amendment privilege, the same one he had just told the Magistrate Judge that he was not asserting, and refused to answer the questions on that basis.

The parties telephoned the court again and counsel for Plaintiff informed Magistrate Judge Orenstein that Mr. Srour, on Mr. Labuda' advice, was refusing to answer the questions that the court had ordered him to answer. Ex. 1 at pp. 168-74. Plaintiff's counsel also informed the Magistrate Judge that Mr. Labuda had recently implored the same tactics in a different wage

4

and hour matter on April 25, 2014 in *Jesus Munoz Payano and Betty Maldonado v. A&S Broadway Produce, Inc.*, No. 13-cv-863 (S.D.N.Y.).  In that case, the magistrate judge ordered the defendant to answer questions that Mr. Labuda had directed him not to answer.  Mr. Labuda then, over the court's order, again directed his client to not answer the questions that the magistrate judge had ordered him to answer.  Mr. Labuda then filed objections to the magistrate judge's order.  After filing those objections, District Judge Nelson S. Roman overruled them. Ex. 1 at pp. 138-46; Ex. 3.[4]

Upon inquiry from the court, Mr. Labuda then informed Magistrate Judge Orenstein that he wished to preserve his client's right to object to the court's ruling as clearly erroneous and contrary to law. Ex. 1 at pp. 168-74.  After being informed of Mr. Labuda's unmistakable modus operandi and thorough contempt for the order of magistrate judges, Magistrate Judge Orenstein further ordered that if defendants either failed to file objections, or filed objections to his order and his ruling was upheld, Plaintiff would conduct another deposition with all costs and fees to be borne by defendants. (Dkt. No. 42)

Plaintiff then continued her deposition of Mr. Srour, and not surprisingly, defense counsel directed Mr. Srour not to answer the questions at issue.  Defendants then proceeded to file the instant objections to the Magistrate Judge's ruling.  Upon the arguments asserted therein, defendants' objections to Magistrate Judge Orenstein's Order should be rejected, their motion denied, and respectfully, the Court should uphold Magistrate Judge Orenstein's ruling that the defendants should bear all of the costs (including the plaintiff's reasonable attorney's fees)

---

[4] (A true and correct copy of the Order of District Judge Nelson S. Roman unpublished decision in *Jesus Munoz Payano and Betty Maldonado v. A&S Broadway Produce, Inc.*, No. 13-cv-863 (S.D.N.Y.) (Dkt. No. 42)).

associated with the continuation of Mr. Srour's deposition. This practice of defendants' counsel must cease, and sanctions of this sort are the only basis to effectuate that result.

## ARGUMENT

### I. The District Court Reviews Objections to a Magistrate's Ruling Concerning the Provisions of Deposition Testimony Under the "Clearly Erroneous" Standard.

It is well-established that a magistrate judge's order as to a pre-trial discovery matter is non-dispositive, and subject to Fed. R. Civ. P. 72(a). 28 U.S.C. § 636(b)(1)(A)(2014); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (*citing Thomas E. Hoar, Inc., v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846 (1990)). Pursuant to the procedures set forth in Fed. R. Civ. P. Rule 72(a), a party may serve and file objections with the district judge for review of a magistrate judge's decision. A non-dispositive matter, such as a discovery order, will only be set aside if any part of the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Such a determination is not made lightly; in fact a challenged decision that is clearly erroneous is not "just maybe or probably wrong; it must strike [the court] with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009).

### II. Mr. Srour Cannot Establish that the Magistrate Judge's Ruling Was Clearly Erroneous Because it Was Plainly Correct.

Magistrate Judge Orenstein correctly denied Mr. Srour's objection to Plaintiff's deposition questions regarding his employment, as the information requested was germane to the claims raised in Plaintiffs' Complaint and defendants' affirmative defenses, and not subject to privilege.

    A.    The Scope of Questioning at a Deposition is Broad.

The Federal Rules of Civil Procedure establish a broad standard for pretrial discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. **Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.**

Fed. R. Civ. P. 26(b)(1)(2014) (emphasis supplied). Courts have described this rule as establishing an "extremely broad concept" of discovery. *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (*quoting Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)). "Discovery is not limited to issues raised by the pleadings, discovery itself is designed to help define and clarify the issues." *Payano v. A&S Broadway Produce, Inc.*, No. 13-cv-863, slip op. at 4 (E.D.N.Y. Jul. 8, 2014) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonable could lead to other matter that could bear on, any issue that is or may be in the case").

With regards to depositions, while a party may object to questions posed at a deposition in certain circumstances, the examination still proceeds and the testimony is taken subject to any objection. An objection must be stated concisely in a non-argumentative and non-suggestive manner. Of utmost importance, a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2); *Luc Vets Diamant v. Aharon Akush*, 2006 WL 258293, *1 (S.D.N.Y. Feb. 3, 2006). The Rule does not provide for a party to refuse to answer a question based upon its right to file objections pursuant to F.R.C.P. 72. As such,

7

Plaintiffs' depositions questions were undeniably within the proper scope of deposition questioning as defined by Fed. R. Civ. P. Rule 26 because they sought responses from Mr. Srour directly related to his knowledge of Plaintiff's work hours and rates of pay, and were related to the credibility of his responses given his testimony, which was inconsistent with his previous representations made under oath to the DOL. Accordingly, Mr. Srouro's attorney's instruction was in violation of the rule and court order.

>    B.    Plaintiff's Deposition Questions Regarding Mr. Srour's Employment are Relevant to her FLSA and NYLL Claims.

As just explained, the standard for discovery is much broader than admissibility. Plaintiff's deposition questions concerning Mr. Srour's employment are plainly relevant to his defense that he is aware based upon his personal knowledge that Plaintiff did not work any overtime.

Mr. Srour's counsel asserts that Plaintiff's deposition was being conducted in a manner that unreasonably annoyed, embarrassed, or oppressed Mr. Srour, and that he instructed his client not to answer the questions posed in contemplation of filing objections to the Magistrate Judge's order.  This argument is absurd. Plaintiff inquired as to the exact nature of Mr. Srour's employment because he testified that he was not home during the day because he worked, but was well aware of Plaintiff's work hours and duties performed in the home.  When Plaintiff asked Mr. Srour about his work schedule, Mr. Srour testified that he was "in and out" and worked "as needed." Ex. 1 at pp. 126-27.  As Plaintiffs' questions seek to establish where Mr. Srour worked, his schedule, and whether he could have had any first-hand knowledge of Plaintiff's hours and work duties, such questions are relevant and not objectionable to verify his actual employment and his basis of knowledge.

   C. Plaintiffs' Deposition Questions Concerning his Application for Alien Employment Certification made to the United States Department of Labor are Relevant to Mr. Srour's Credibility and Relevant to the Amount of Plaintiff's <u>Wages</u>.

As set forth above in Point II, A and B, <u>supra</u>, discovery is broad and may be obtained so long as the matter is relevant to claims and/or defenses, and non-privileged. Plaintiff's questions regarding Exhibit 2 pertain specifically to information that Mr. Srour provided on his application for alien employment certification to the DOL. Box 21 on Exhibit 2 states that defendants posted notices to recruit United States workers on business premises, and that they made inquiries to their staff and other associated in their business to hire a United States worker. Mr. Srour testified that he did not post any notices, and objected and refused to respond to what business he owned at the time of the application. Ex. 1 at pp.104-05.

As Plaintiffs' questions sought to establish Mr. Srour's truthfulness with regards to his previous representations of Plaintiff's pay rates and hours to a federal agency and probe him on the substance of his repsonses, any arguments presented by Mr. Srour that Plaintiff's line of questioning is harassing, annoying, or seeking pre-judgment discovery of assets should be rejected. Plaintiff's discovery efforts relate to essential elements of her plead claims and defendants' purported affirmative defenses.

   D. Plaintiffs' Deposition Questions Sought Information Concerning Defendant's <u>Willfulness</u>

An employer willfully violates the FLSA when it either knew or showed reckless disregard for whether its conduct was prohibited by it. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011). The plaintiff bears the burden of establishing that his/her employer's conduct was willful. *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). The FLSA's statute of limitations is two years, but is subject to an extension to three years for willful

9

violations. 29 U.S.C.A § 255(a)(2104); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011).

Plaintiffs' deposition questions regarding his ownership and supervision of employees in various businesses sought to identify whether defendants were aware of the fact that their practices were in violation of the law, as well as the frequency and scope of Defendant's wage violations with respect to other employees. Such inquiries are plainly relevant in assisting Plaintiff in meeting her burden of proof with respect to Defendant's willfulness, thereby extending the FLSA's statute of limitations. Defendants' assertion that Plaintiff is seeking testimony regarding defendants' assets is mistaken – the testimony is relevant to willfulness.

Thus, Mr. Srour has failed to demonstrate that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Based upon the foregoing, Mr. Srour's objection to the order of Magistrate Judge James Orenstein should be denied on the merits and Magistrate Judge Orenstein's ruling that defendant should bear all of the costs (including Plaintiff's reasonable attorney's fees) associated with the continuation of Mr. Srour's deposition to secure the answers he refused to submit should be upheld.

### III. This Court Should Draw An Adverse Inference Against Defendants Based Upon Mr. Srour's Assertion of His Fifth Amendment Privilege

The privilege against self-incrimination may be asserted in a civil proceeding. *Bermudez v. Karoline's Intern. Restaurant Bakery Corp.*, 2013 WL 6146083 at *5 (E.D.N.Y. 2013)(*citing Chavez v. Martinez*, 538 U.S. 760, 772 (2003)). Unlike in a criminal proceeding, however, the court may draw an adverse inference against the party asserting the privilege. *Id.*

As set forth above in Point II, A, B, and C, supra, Plaintiff questioned Mr. Srour about his employment during the time period Plaintiff when worked for him because he testified: (1) about

his first-hand knowledge of Plaintiff's work hours even though he testified he worked and was "in and out" of the home, and (2) he attempted to obtain a housekeeper authorized to work in the United States in an application for alien employment certification by posting certain notices at his place of business. Mr. Srour initially objected to Plaintiff's line of questioning and refused to answer Plaintiff's questions on the basis that they were annoying and harassing, and not that he was asserting his Fifth Amendment privilege. Ex. 1 at p.145. After the Magistrate Judge directed Mr. Srour to answer Plaintiff's questions, Mr. Srour, upon the advice of his attorney, asserted his Fifth Amendment privilege and refused to answer the questions he was ordered to respond to by the Magistrate Judge. Thus, the court should draw infer from Mr. Srour's belated assertion of his Fifth Amendment privilege that his assertion is merely a tactic to avoid answering Plaintiff's questions. Accordingly, this court should uphold the Magistrate Judge's September 10, 2014 ruling and direct Mr. Srour to answer all questions he was previously directed to respond to by Magistrate Judge Orenstein and defendant should bear all of the costs (including Plaintiff's reasonable attorney's fees) associated with the continuation of Mr. Srour's deposition to secure the answers he refused to submit should be upheld.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court affirm Magistrate Judge James Orenstein's September 10, 2014 Order directing Mr. Srour's appearance to give testimony at a second deposition in this matter and grant any further relief the Court deems proper including the award of costs in opposing defendants motion pursuant to Fed. R. Civ. P. 30(d)(3)(C).

Dated:  October 21, 2014
       Great Neck, New York

                                              Respectfully submitted,

                                               /s/
                                              Cherice P. Vanderhall (CV 6805)