UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ESTELLA MALDONADO,

                Plaintiff,

  - against -

FARAJ SROUR, an individual, AND
TITA SROUR, and individual,

                Defendants.
--------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 5856 (ILG) (JO)

GLASSER, Senior United States District Judge:

      Plaintiff Estella Maldonado brings this action against her employers[1], Faraj and Tita Srour, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), Art. 6 § 190 et seq., Art. 19 § 650 et seq. Dkt. No. 1. Before the Court is Defendants' objection to a discovery order by Magistrate Judge ("MJ") Orenstein, directing Faraj Srour to answer certain deposition questions. For the reasons set forth below, Defendants' objection is DENIED and MJ Orenstein's discovery order is AFFIRMED.

## BACKGROUND

      On September 10, 2014, Defendant Faraj Srour was deposed. During the deposition, Mr. Srour testified regarding his employment history, stating that he currently owns a retail business in Brooklyn. Srour Deposition Tr. at 20-21 (Dkt. No. 22, Ex. 1). Plaintiff's counsel then inquired whether he or his wife, Tita Srour, owned the building in which his business was located. Id. at 29. Counsel for Defendants, Joseph Labuda, directed him not to answer pursuant to Rule 30(c)(2) of the Federal

---

[1] For over 25 years, Defendants have employed Plaintiff as a housekeeper at their Brooklyn residence. See Compl. ¶12; Plaintiff's Opposition to Defendants' Objections at 1.

1

Rules of Civil Procedure, asserting that the inquiry improperly sought information regarding Defendants' assets and was "annoying" and "harassing." Id. at 29-30. Mr. Srour was also asked to identify the owners of the companies for which he had previously worked. Mr. Labuda directed him not to answer, arguing "it's not relevant and I think it's harassing." Id. at 23.

Plaintiff's counsel challenged the objections as improper, and MJ Orenstein was telephoned during the deposition to resolve the dispute. After hearing from both parties, he determined that the questions were not unreasonably harassing and annoying, and directed that Mr. Labuda lodge his objections on the record and allow Mr. Srour to answer. Id. at 144-45. When the deposition resumed, Mr. Labuda refused to adhere to that order and MJ Orenstein was telephoned again. During this phone call, Mr. Labuda stated that he would not comply with the order and wished to preserve his right to appeal it. Id. at 171-72. MJ Orenstein ordered that should Defendants fail to timely appeal his ruling, or should it be affirmed by the district judge, they would be responsible for the fees and costs of re-deposing Mr. Srour. See id. 171:7-10; Dkt. No. 17. Defendants filed their objection[2] to MJ Orenstein's order on September 24, 2014. Dkt. No. 20. Plaintiff opposed on October 21, and Defendants replied on October 31, 2014. Dkt. Nos. 21, 27.

## STANDARD OF REVIEW

Upon a party's objection to the decision of a magistrate judge on a non-dispositive matter, the district court reviews the decision to ensure that it is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Orders

---

[2] Defendants improperly submitted their objection as a discovery motion pursuant to Rule 30(c)(2). They asserted their discovery motion during the September 10, 2014 telephone conference, and this motion was denied by MJ Orenstein. Accordingly, the Court treats the pending motion as an objection to MJ Orenstein's order, pursuant to Rule 72.

2

resolving pretrial discovery issues are non-dispositive.  Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).  Clear error may be found if, "on the entire evidence" the Court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 235 (2001).  "[M]agistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." Derthic v. Bassett-Walker Inc., No. 90 Civ. 5427, 1992 WL 249951 at *8 (S.D.N.Y. Sept. 23, 1992).

## DISCUSSION

A review of the transcript of the September 10, 2014 deposition of Mr. Srour compels the conclusion that MJ Orenstein's order was not "clearly erroneous or contrary to law."  Counsel may instruct a deponent not to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [to limit or terminate a deposition] under Rule 30(d)(3)." Fed. R. Civ. P. 3o(c)(2).  A motion pursuant to Rule 30(d)(3) may be made only "on the ground that [the deposition] is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). "While federal courts are . . . authorized to prevent improper use of our liberal pre-trial examination procedures, this power has been and should be exercised sparingly lest it cripple the broad discovery intended by the Federal Rules." See Schwartz v. Broad. Music, 16 F.R.D. 31, 33 (S.D.N.Y. 1954).

Defendants assert that Mr. Labuda's instruction was proper because Plaintiff "attempted to annoy, embarrass and oppress [them] by asking irrelevant questions about their personal financial information and ownership interest in establishments not connected to Plaintiff's claims." Dkt. No. 20 at 2-3.  This argument is meritless,

3

however, because "[l]ack of relevancy is not a proper ground for instructing a witness not to answer deposition questions." <u>Luc Vets Diamant v. Akush</u>, No. 05 Civ. 2934, 2006 WL 258293, at *1 (S.D.N.Y. Feb. 3, 2006). The transcript reveals no indication that the deposition was conducted in a manner that unreasonably annoyed, embarrassed, or oppressed Defendants, and there was thus no basis under Rule 30(c)(2) for Mr. Labuda to instruct his client not to answer.

## CONCLUSION

For the foregoing reasons, Defendants' objection is DENIED and MJ Orenstein's order is AFFIRMED. Pursuant to MJ Orenstein's order, Defendants shall bear all costs and reasonable attorneys' fees associated with re-deposing Mr. Srour.

SO ORDERED.

Dated: Brooklyn, New York
August 31, 2015

/s/_____
I. Leo Glasser
Senior United States District Judge