UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
ESTELLA MALDONADO,

                Plaintiff,                        MEMORANDUM AND ORDER
                                                      13 CV 5856 (ILG) (JO)

   -against-

FARAJ SROUR, an individual, and
TITA SROUR, an individual,

                Defendants.
----------------------------------------------------x
GLASSER, Senior United States District Judge:

      Before the Court is a motion for approval of a settlement agreement. (Dkt. No. 80-1). The Court has reviewed the complaint and the terms of the settlement agreement, and finds the amicable resolution of the case fair and reasonable under the circumstances, subject to the modification of the requested attorney's fees and costs described below.

## DISCUSSION

      The Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") entitle plaintiffs to recover reasonable attorney's fees and costs incurred in successfully prosecuting wage-and-hour actions. 29 U.S.C. § 216(b); N.Y. Lab. Law §198(1-a). In determining the reasonableness of a requested attorney fee award, a court considers "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir.2000). The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. Pilitz v. Inc. Vill. of Freeport, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011).

1

This action involves a wage-and-hour dispute pertaining to housekeeping work by a single employee against her employers, Faraj and Tita Srour. No collective action was sought or certified. Prior to jury selection on the morning trial was to begin, parties informed the Court that the matter had settled. At that stage, discovery was complete, and substantive motion practice had occurred in preparation for trial. The agreement before the Court provides for a $65,000 settlement, divided as follows:

| | |
|---|---|
| Plaintiff Estella Maldonado: | $32,139.70 |
| Borrelli & Associates P.L.L.C. | $2,860.30 in expenses |
| Borrelli & Associates P.L.L.C. | $30,000.00 in attorney's fees |

Together, the attorney's fees and expenses total $32,860.30, exceeding 50 percent of the total settlement amount. This request for fees and expenses is submitted without any contemporaneous documentation or elaboration as to the basis for the requested fee award.

The proposed attorney's fee award is excessive, significantly higher than the range of 30 to 33 percent of the fund typically approved by courts in this Circuit. See Ramirez v. Benares Indian Rest. LLC, 2015 WL 926008, at *2 (S.D.N.Y. Mar. 4, 2015); Najera v. Royal Bedding Co. LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases). Courts have reduced fee awards in FLSA cases at least in part because the proposed fee exceeds this range. See, e.g., Guzman v. Joesons Auto Parts, 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (citing cases in reducing fee award from 40 percent of the settlement fund to 25 percent as to one plaintiff and 20 percent as to another).

For the foregoing reasons, the attorney's fees should be reduced to one-third of the settlement amount, approximately $21,666.66. The Court does not find circumstances sufficient to permit higher-than-average fees in the present action.

## CONCLUSION

The Court finds that the settlement agreement is fair and reasonable, with the exception of the fee award to plaintiff's counsel that exceeds one-third of the total settlement amount. The Court APPROVES the settlement agreement AS MODIFIED to limit the fee award to one-third of the settlement amount.

SO ORDERED.

Dated: Brooklyn, New York
October 6, 2016

/s/_____
I. Leo Glasser
Senior United States District Judge